THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * *

DOUGLAS B. THAYER, as guardian )
and conservator of HOMER F.
OWENS Estate,                   )      Case No. 2:12CV170 DS

       Plaintiff,        )

  vs.                            )      MEMORANDUM DECISION

EMERALD OWENS,                  )

       Defendant.        )

* * * * * * * * * * * * * * * * * * * * * * * * * * *

Before the Court is Plaintiff's motion for Award of Damages and Entry of Money Judgment (Doc. #73) and the parties' subsequent filings related thereto. Plaintiff's motions ask the Court to award attorney's fees as consequential damages of the Utah litigation.

## BACKGROUND

In his representative capacity for the estate of Homer F. Owens, Plaintiff entered into a Final Stipulation agreement with Defendant, wherein the parties agreed that Defendant waived her rights in and related to Homer's accounts as well as all accounts that were joint accounts between Homer and Defendant. The Court entered summary judgment against Defendant because she breached her contractual waiver obligation by claiming rights in, and damages based upon handling of, the USSAA account, Homer Owen's IRA, and

different joint accounts at Wells Fargo in her Complaint that she filed in California against Plaintiff individually. Pursuant to ¶18 of the Final Stipulation, the Court ruled that Plaintiff was entitled to damages, costs, and attorneys' fees in the Utah litigation. Plaintiff now seeks to recover attorneys' fees incurred in the California litigation as consequential damages from the breach of contract claim that formed the basis of the Utah suit.

## ANALYSIS

Defendant seeks attorneys' fees in the amount of $144,243.92, which amount has already been offset by Marcus Owens and Sandra Hayden's insurance payments. Defendant objects to the award of attorneys' fees as consequential damages of the Utah litigation because she claims the Estate did not incur any damages and that an award of damages is premature as Plaintiff has not been determined the successful party as required by ¶18 of the Final Stipulation.

To recover consequential damages, a party must (1) prove that consequential damages were caused by the breach, (2) convince the court that the damages were of the kind that were foreseeable at the time the parties contracted, and (3) establish the amount of damages sought with reasonable certainty. *Castillo v. Atlanta Cas. Co.*, 939 P.2d 1204, 1209 (App. Ct. 1997).

Causation

To recover consequential damages, Plaintiff must prove he has in fact incurred damages as a result of Defendant's breach. Plaintiff meets this requirement because the Estate incurred all the legal expenses associated with the California lawsuit and because Plaintiff, individually, is an interested party to the Utah litigation.

Foreseeability

Consequential damages are foreseeable when the non-breaching party convinces the court that the damages were within the contemplation of the parties at the time they contracted. *Castillo*, 939 P.2d at 1209. Plaintiff satisfies this requirement because the Final Stipulation specifically addresses the award of attorneys' fees upon a successful action for breach of contract.

Reasonable Certainty of the Amount of Damages

Plaintiff has the burden of proving the amount of damages but he need only do so with reasonable certainty rather than absolute precision. *Price-Orem Inv. Co. v. Rollins, Brown, and Gunnell, Inc.*, 784 P.2d 475, 478 (App. Ct. 1989). Plaintiff has met this requirement by providing a detailed statement of fees and costs in Exhibit C of Document #74. Plaintiff incurred $207,271.39 in legal fees and costs due to the California litigation. With credits against that amount for Marcuz Owens and Sandra Hayden's insurance payments, Plaintiff is entitled to $144,243.92.

Defendant argues that the Court has not yet determined who the "successful" party is as required by ¶18 of the Final Stipulation. Defendant argues that because she prevailed in the injunctive relief claim that Plaintiff is not the "successful" party and, at most, fees should be apportioned. However, the Court does not find any basis for pro-rating the fee award. The Final Stipulation specifies that the party that prevails in an action for breach of the agreement is the "successful" party. The action for breach of contract was the basis of Plaintiff's claim, and Plaintiff prevailed, and the Final Stipulation grants the successful party an award of attorneys' fees. Therefore, an award for attorneys' fees is not premature, and the Court finds that Plaintiff is the successful party as that term is used in the Final Stipulation.

CONCLUSION

Based upon the foregoing factors, the Court concludes that the Plaintiff should be awarded the attorneys' fees incurred defending the California litigation as such fees are found to be consequential damages from the breach of contract award in the Utah litigation.

Therefore, the Court hereby ORDERS that the Plaintiff be granted attorneys' fees in the amount of $144,243.92 to be paid by the Defendant. In the event Plaintiff receives any additional

payment from the insurance carriers related to the fees, claims, or litigations addressed herein, Plaintiff is ordered to notify the Court within thirty days so that an appropriate offset can be made.

SO ORDERED.

DATED this 18th day of July, 2013.

BY THE COURT:

*David Sam*
_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT